Vernon C. Neal, Inc. v. Commissioner.
Vernon C. Neal, Inc. v. Commissioner
Docket No. 4635-62.
United States Tax Court
T.C. Memo 1964-145; 1964 Tax Ct. Memo LEXIS 189; 23 T.C.M. (CCH) 873; T.C.M. (RIA) 64145; May 25, 1964
*189 A parent corporation's intercompany profit from contracts with subsidiaries, eliminated from consolidated returns for years prior to 1958, held not to constitute income to the parent in 1958 when all stock of the subsidiaries was sold to an unrelated party, following Henry C. Beck Builders, Inc. 41 T.C. 616. Sam G. Winstead Republic National Bldg., Dallas, Tex., for the petitioner. Thomas J. Moroney, Jr., for the respondent. BRUCE Memorandum Opinion BRUCE, Judge: The respondent determined a deficiency in the amount of $736,402.47 in the income tax of the petitioner for the fiscal year ended February 28, 1958. The sole issue for decision is whether intercompany profits eliminated in prior taxable years in consolidated returns filed by the petitioner and its subsidiaries become realized upon the sale of all the stock of the subsidiaries by the petitioner to an outside party. The facts are stipulated and are found accordingly. The petitioner is a corporation organized under the laws of Pennsylvania. Its principal place of business is at Pittsburgh, Pennsylvania. The petitioner filed an income tax return for the taxable year ended February 28, 1958, with *190 the district director of internal revenue, Pittsburgh, Pennsylvania, on the accrual basis of accounting and on a fiscal year ended February 28. Petitioner was incorporated on May 27, 1947, principally for the purpose of engaging in general contracting. Subsequently, the corporation engaged in the construction and development of housing projects in or near the cities of Whitehall, Pennsylvania, and Castle Shannon, Pennsylvania. In the years following its incorporation, petitioner organized the following subsidiaries: Subsidiary
State of Incorporation
Date of Incorporation
Alvern Gardens, Inc.
Pennsylvania
May 19, 1943
Baldwin Court Apartments, Inc.
Pennsylvania
Sept. 14, 1949
Baldwin Arms Apartments, Inc.
Pennsylvania
Jan. 23, 1950
Westgate Manor No. 1, Inc.
Ohio
June 5, 1953
Westgate Manor No. 2, Inc.
Ohio
June 5, 1953
Westgate Manor No. 3, Inc.
Ohio
June 5, 1953
Westgate Manor No. 4, Inc.
Ohio
June 5, 1954
Westgate Manor No. 5, Inc.
Ohio
June 5, 1954
Westgate Manor No. 6, Inc.
Ohio
June 5, 1954
Westgate Manor No. 7, Inc.
Ohio
June 5, 1954
Westgate Manor No. 8, Inc.
Ohio
June 5, 1954
Westgate Manor No. 9, Inc.
Ohio
Nov. 30, 1955
*191 Each such subsidiary was organized principally for the purpose of acquiring, owning and operating real estate with one class of nonvoting preferred stock and one class of common stock. The Federal Housing Administration (herein referred to as FHA) purchased from each subsidiary all of its class of preferred stock for $100, which did not carry voting rights and was limited as to dividends. At all times material to the issues here involved, petitioner owned all the voting shares of common stock of each subsidiary hereinabove named. The adjusted basis of such shares was $474,185. At no time were there issues or classes of stock of the subsidiaries outstanding other than the common and preferred stock referred to above. Petitioner contracted separately with Alvern Gardens, Inc., Baldwin Court Apartments, Inc., and Baldwin Arms Apartments, Inc., to construct apartment buildings for each of such corporations and, upon completion, to operate and to maintain such apartment buildings. Petitioner contracted with the remaining subsidiaries listed hereinabove (Westgate Manor No. 1, Inc., through Westgate Manor No. 9, Inc., and hereinafter called the "Westgate Manor subsidiaries") to construct *192 apartment buildings for a fixed consideration, but petitioner did not manage or operate them. The dates of such contracts, and the completion dates of the apartments constructed pursuant to such contracts, are as follows: Subsidiary
Date of Contract
Date of Completion
Westgate Manor No. 1, Inc.
June 26, 1953
Oct. 7, 1954
Westgate Manor No. 2, Inc.
June 26, 1953
May 22, 1954
Westgate Manor No. 3, Inc.
June 26, 1953
Oct. 7, 1954
Westgate Manor No. 4, Inc.
July 31, 1954
June 6, 1954
Westgate Manor No. 5, Inc.
July 31, 1954
Aug. 22, 1954
Westgate Manor No. 6, Inc.
July 31, 1954
Sept. 22, 1954
Westgate Manor No. 7, Inc.
July 31, 1954
Sept. 22, 1954
Westgate Manor No. 8, Inc.
July 31, 1954
July 15, 1954
Westgate Manor No. 9, Inc.
Dec. 3, 1955
Nov. 23, 1956 Such apartment buildings were financed by means of loans guaranteed by an agency of the Federal government and secured by mortgages on the land and apartment buildings. The full consideration payable under such construction contracts was received by petitioner and included a profit paid to petitioner. Such profits were recorded on the books of petitioner and were eliminated from its taxable *193 income as arising from intercompany transactions in the consolidated returns filed by petitioner and its subsidiaries. At all times material to the issues involved herein, each of the subsidiaries referred to above was legal owner of the apartment building or buildings constructed for it by petitioner. For the taxable years ended February 28, 1953, through February 28, 1957, petitioner owned the stock of the subsidiaries referred to above and filed consolidated income tax returns joining each subsidiary. Pursuant to the contracts entered into between petitioner and the Westgate Manor subsidiaries, petitioner received from such subsidiaries intercompany profits of $1,780,673.74. These intercompany profits were disclosed on the consolidated income tax returns for the fiscal years ended February 28, 1953, to February 28, 1957, as an intercompany elimination for the purpose of computing the Federal income tax of the affiliated group for such periods in accordance with the applicable consolidated income tax regulations. Under the regulations governing the filing of consolidated returns the intercompany profits earned by petitioner under its construction contracts with its subsidiaries *194 were eliminated from the subsidiaries' bases in the buildings. During the taxable year ended February 28, 1958, and for a total consideration of $642,264.82, petitioner conveyed to Eugene Lebowitz all of the stock it owned in each subsidiary, and also accounts receivable it held from Alvern Gardens, Inc., Baldwin Court Apartments, Inc., and Baldwin Arms Apartments, Inc., and notes receivable it held from the Westgate Manor subsidiaries. Certain balances of mortgages payable on February 28, 1957, were outstanding and unpaid on the date of sale of the stock of such subsidiary corporations. The following figures show totals for the 12 subsidiary corporations of costs of land, buildings and equipment, profits eliminated, and adjusted bases: Cost of Land
$ 426,454.30
Cost of Buildings and Equipment
12,506,578.31
Total Cost
12,933,032.61
Profit Eliminated - Land
125,950.00
Profit Eliminated - Buildings and
Equipment
1,654,723.74
Basis of Land after Elimination
300,504.30
Basis of Buildings and Equipment
after Elimination
10,851,854.57
Total eliminated
1,780,673.74
The petitioner's return for the fiscal year ended in 1958 reported a net loss with no *195 tax due. The respondent determined that previously eliminated intercompany profits of $1,780,673.74 less depreciation eliminated of $101,057.68, or a net amount of $1,679,616.06 constituted income taxable to the petitioner in that fiscal year. In Henry C. Beck Builders, Inc., 41 T.C. 616, a parent corporation owned all the preferred stock and 95 percent, later 100 percent, of the common stock of a subsidiary. The parent constructed and managed a housing project owned by and financed through the subsidiary. The parent recorded a profit on its books in 1953 and 1954. The parent and subsidiary filed consolidated returns on which this profit was eliminated. In 1956 the preferred stock of the subsidiary was redeemed and retired. Later in 1956 the parent sold all the outstanding common stock of the subsidiary to an unrelated party. The respondent determined that the intercompany profit to the parent corporation eliminated in prior consolidated returns was realized and taxable as ordinary income to the parent upon the sale of the subsidiary's stock to an outside purchaser in a later year. We held that the parent corporation's intercompany profit did not constitute income to *196 the parent in the later year upon the sale of the subsidiary's stock. The facts in the present case are indistinguishable from those in Henry C. Beck Builders, Inc., supra. On the authority of that case we decide the issue for the petitioner. Because of uncontested adjustments, Decision will be entered under Rule 50.